## BOND v. WILSON.

(Filed December 6, 1904).

REFERENCES—*Executions.*

> Where a judgment is rendered in a former trial of a case, and an execution issued thereon setting forth the judgment in full, the execution should not be withheld and a referee appointed to ascertain the amount due under such judgment, as such amount is a question of mathematical calculation.

ACTION by L. N. Bond and others against J. W. Wilson and another, heard by *Judge W. H. Neal* and a jury, at October Term, 1904, of the Superior Court of BURKE County. From a judgment for the defendants the plaintiffs appealed.

*John T. Perkins* and *A. C. Avery,* for the plaintiffs.
*Avery & Ervin,* for the defendants.

MONTGOMERY, J. This case is an old acquaintance. It has been several times before the Court. The action was commenced to recover the amount alleged to be due on two promissory notes, one for two thousand dollars and the other for three thousand dollars, executed by the defendant to the plaintiffs. The defendant pleaded payment and the statute of limitations. The latter plea was found against him, and judgment being rendered for the plaintiffs he appealed to this Court. A new trial was granted because of a failure of the Judge to give certain instructions to the jury requested by the defendant on the question of the statute of limitations. *Bond v. Wilson,* 120 N. C., 387. On the second trial the defendant claimed several credits to have been made by him on the notes but which were not endorsed upon the notes themselves, one of the credits being for the amount of $800 paid

137——10

for a mill-wheel at the request of the agent of the plaintiffs, and the other was for the payment of $240 freight charges on the wheel. The jury returned a verdict to the effect that the notes had been paid in part, that the balance was not barred by the statute of limitations, and in answer to the second issue, "What credit is defendant entitled to on said notes or either of them?" they said "All credits entered upon notes and all credits claimed by the defendant after January 1, 1879; also credit of $1,040 for mill-wheel, credited January 1, 1876." The Court in rendering judgment upon the verdict, after reciting the issues and answers of the jury thereto, further said:

"And the Court having submitted to the jury all of the credits pleaded by the defendant prior to January 1, 1879, as claimed by him upon trial, also all credits appearing upon the notes, together with the following credits, to-wit: April 5, 1879, $100.; September 5, 1879, $200; July 4, 1879, $100; May 10, 1880, $200; September 1, 1880, $200; and having instructed the jury not to consider any other credits than those submitted, and also having instructed the jury that the credit of $600, growing out of the lot transaction, as plead by the defendant in his answer, was barred by the statute of limitations:

"Now, therefore, it is ordered and adjudged by the Court that the plaintiff recover of the defendant such sum as may be found to be due by calculation on the notes sued upon, to-wit: One note of $3,000, dated January 1, 1875, bearing interest from date at 8 per cent., payable semi-annually; and one note of $2,000, dated February 1, 1875, bearing interest from date at 8 per cent., payable semi-annually, subject to and reduced by the following credits, to-wit: January 1, 1876, $1,040; January 1, 1877, $480; January 1, 1879, by interest in full due on these notes to said date; April 5, 1879, $100; July 4, 1879, $100; September 5, 1879, $200; May

10, 1880, $200; September 1, 1880, $200; September 1, 1881, $500; November 26, 1883, $2,500; June 3, 1884, $509.04; August 12, 1884, $154.90; September 11, 1890, $310.03; August 7, 1893, $258.21.

"That in ascertaining the amount due under this judgment, interest is to be computed at 8 per cent., payable semi-annually. It is further adjudged by the Court that the defendant pay the cost of this action to be taxed by the Clerk."

Both parties appealed from the judgment, the plaintiff on the alleged ground and exception that there was no evidence to sustain the credit of $1,040 for the mill-wheel and because his Honor allowed the jury to return to their room and find the date of the credit of $1,040, they having failed to fix that date when they first returned the verdict; and the defendant for alleged misdirection by his Honor on the question of the statute of limitations. On the hearing in this Court it was declared in both appeals that there was no error in the conducting of the trial below. *Bond v. Wilson,* 131 N. C., 505. A rehearing of the case was had upon the petition of the plaintiff. The petition was dismissed, the Court being still of the opinion that there was more than a scintilla of evidence to support the finding of the jury as to the credit of $1,040. We could not pass on the weight of the evidence; it appeared to us to be very slight, and that the evidence offered on the other side was strong, but that was not a matter for us. It was for the jury. Upon the judgment the Clerk of the Superior Court of Burke issued to the Sheriff of McDowell County an execution against the defendant, in which execution the debt was described precisely and exactly as it was set out and described in the judgment, with each and every credit as to date and amounts particularly set out just as they were in the judgment. Upon a motion made by the defendant to recall the execution, the Clerk of the Court refused to interfere and denied the motion on the

ground that the execution was issued in strict conformity to the judgment. The defendant appealed to the Judge of the district. At the hearing of the matter C. D. Bennett, Esq., was made a referee "to calculate the amounts due on the notes and allow the credits according to the judgment." In that order of reference was included the following sentence: "The said referee to hear no evidence of any kind but simply to calculate the amount due the plaintiffs according to said judgment." The referee reported, amongst other things, that "the entry January 1, 1879, 'by interest in full due on these notes to said date' was intended to, and does, cover the interest up to that date, without taking into consideration the $1,040 mill-wheel item directed by the judgment to be credited as of January 1, 1876. This your referee finds from an inspection of the whole judgment." The referee further in his calculations of the amount due on the judgment does not credit the amount $1,040 as of date January 1, 1876, as directed by the judgment, but credited on the first day of January, 1879, with interest on the same, viz., $187.20 from the first day of January, 1876. Upon the return of the report of the referee the plaintiff filed the following exceptions:

1. The judgment or order of *Judge W. H. Neal* directs the referee to ascertain the amount due on account of the judgment in this case by making the calculation of the interest and principal due thereon according to the provisions of the judgment in the case, and the said referee has allowed all the credits and entries on the two notes sued on to go in payment of the interest to January 1, 1879, and instead of crediting the note sued on with the $1,040 on account of the mill-wheel on January 1, 1876, as directed in the judgment, the referee calculated interest on the $1,040 from January 1, 1876, until January 1, 1879, and deducted the amount of $1,040 and interest thereon from the sum of $5,000 on Jan-

uary 1, 1879.   The difference between the two methods of calculation amounts to more than $2,000 at the present time.

2. The plaintiffs except to the report of the referee, C. D. Bennett, for that he, fails to enter the credit of $1,040 as of date January 1, 1876, as directed by the order referring it, and, as the plaintiffs contend, the judgment and the law direct.

Upon the report and exceptions, the exceptions were overruled and the report of the referee in all things affirmed; and a judgment rendered that the execution be set aside, that the amount due on the judgment was $2,354.32 and that execution might issue for the same.   Costs were allowed against the plaintiffs, and they excepted to the judgment. The exceptions must be sustained.   The judgment upon which the execution was issued was clear in its terms.   The original notes sued upon were mentioned and described as to amounts, date of execution, maturity, rate of interest and time of its payment.   The credits on the note were particularly set out, both as to amounts and dates.   The execution which was issued upon the judgment, as we have said, was a recital of the judgment in every particular; and the amount due on the execution is a simple mathematical calculation. There was no necessity for the intervention of a referee, and he did not follow the judgment as to the credit of $1,040. As we have already said, the jury in allowing that credit when they brought in their verdict had failed to fix the date when it should have been credited on the notes.

They were instructed to return to their room and find the date.   They fixed it as of the first day of January, 1876. The plaintiff excepted to that procedure and appealed to this Court, but we held that it was a proper one.

His Honor's order and judgment must be

Reversed.

CLARK, C. J., and WALKER, J., did not sit on the hearing of this case.